**Wayne Eugene MOORE, Plaintiff,**

v.

**BERG ENTERPRISES, INC. and Affiliates Employee Long Term Disability Income Plan, et al., Defendants.**

No. 2:96 CV 0792 K.

United States District Court,
D. Utah,
Central Division.

April 23, 1998.

---

H. Dennis Piercey, Salt Lake City, UT, for Wayne Eugene Moore.

Cass C. Butler, W. Waldan Lloyd, Callister Nebeker & McCullough, Salt Lake City, UT, for Berg Enterprises, Affiliates Employee Long Term Disability Income Plan, Berg Enterprises and Affiliates.

Michele Mitchell, Scott M. Petersen, Fabian & Clendenin, Salt Lake City, UT, for Margaretten & Co., Chase Manhattan Mortgage

Scott A. Hagen, Ray Quinney & Nebeker, Salt Lake City, UT, Steven J. Aeschbacher, Microsoft Corp., Redmond, WA, for Transport Life Ins., United Healthcare Adm'rs.

## MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

KIMBALL, District Judge.

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment; Margaretten & Co., Inc. and Chase Manhattan Mortgage's Motion for Judgment on the Pleadings, now converted to a motion for summary judgment; Berg Enterprises, Inc. and Affiliates Employee Long Term Disability Income Plan's Motion for Summary Judgment; and Plaintiff's Objections to Declaration of Nicholas J. Baratta and Declaration of Susan Dye and Motion to Strike.[1]

### BACKGROUND

Plaintiff Wayne Eugene Moore ("Moore") was employed as a mortgage banking manager for Defendant Margaretten & Co. ("Margaretten"), which was eventually acquired by Defendant Chase Manhattan Mortgage (collectively, the "Chase Defendants"). He resigned on May 16, 1988. After having cleaned out his desk over the weekend, Moore called his supervisor on that Monday to tell her that he would no longer be working for Margaretten and that the industry was too competitive in Arizona. During the summer of 1988, he moved to Utah where he underwent medical evaluation. In December 1988, he was diagnosed with Chronic Fatigue Syndrome ("CFS"), which he claims had rendered him physically unable to work and was the reason he had left his job six months previously.

Margaretten participated in a fully insured employee benefit plan, Defendant Berg Enterprises, Inc. and Affiliates Employee Long Term Disability Plan (the "Plan"), which qualifies as an employee benefit plan under the Employee Retirement Income Security Act ("ERISA"). The plan administrator was Defendant Berg Enterprises, Inc. and Affiliates, which was subsequently replaced by Defendant Travelers Plan Administrators, which was eventually sold to Defendant United Healthcare Administrators, Inc. Defendant Transport Life Insurance Co. insured the Plan.

On May 1, 1989, Moore applied for and received social security disability benefits. On March 7, 1990, Moore applied for disability benefits from the Plan. His claim for benefits was denied in a letter dated September 18, 1990. Moore advised that the denial was based on incorrect information and received a second and similar letter dated October 29, 1990, again denying benefits.

Moore claims that the defendants failed to adequately investigate his claim and to explain why his claim was denied, but did nothing further until March 26, 1996. With the assistance of legal counsel, Moore then submitted additional information and asked for a copy of all documents concerning him and all pertinent provisions of the Plan. Notwithstanding the additional information Moore

---

**1.** This motion is not considered because it is rendered moot by the disposition of the other motions.

submitted, the Plan upheld its earlier decision of denial. Moore filed this suit on September 18, 1996, seeking to recover benefits that he claims he has been wrongly denied and to recover penalties for ERISA violations that he claims the defendants committed in their treatment of his claim.

In response to Moore's motion for summary judgment regarding liability, each defendant has filed a cross motion for summary judgment asserting, among other things, that this action is barred by the limitations period set forth in the Plan. Because it is common to all the defendants, that issue is considered first. Matters unique to individual parties are then considered in turn.

## DISCUSSION

### 1. Timeliness of Plaintiff's Action.

ERISA does not contain a statute of limitations for recovery of benefits. As a result, the appropriate statute of limitations is generally "the most analogous state statute of limitations." *Hemphill v. Unisys Corp.,* 855 F.Supp. 1225, 1234 (D.Utah 1994); *Held v. Manufacturers Hanover Leasing Corp.,* 912 F.2d 1197, 1200–01 (10th Cir. 1990). However, where the plan itself establishes the limitation period, and such period is not in violation of federal or state law, it will be upheld as a valid contractual provision even if the period is less than the period prescribed in the general statute of limitations. *Order of United Commercial Travelers v. Wolfe,* 331 U.S. 586, 608, 67 S.Ct. 1355, 1365–66, 91 L.Ed. 1687 (1947).

The Plan contract precludes actions filed "more than 3 years after the time proof of claim is required." Proof of claim must be given "no later than 90 days after the end of the elimination period," which is defined as "a period of consecutive days of total disability for which no benefit is payable." That period is 180 days. Under the Plan, then, once Moore had been totally disabled for 180 days, he had ninety days to give a proof of claim. Once that 90–day period ended, he had three years to file suit.

Moore claims he was disabled beginning on May 16, 1988. Beginning with that date, Moore had until sometime in February 1992 to timely file suit. His failure to do so is fatal.

The arguments advanced by Moore in an attempt to avoid that result do not succeed. Moore asserts that the limitations period can never begin to run as long as the defendants have committed ERISA violations. While this court can imagine scenarios where a defendant's ERISA violation might preclude commencement of a limitations period, Moore has not explained why the violations he alleges have any connection to his failure to earlier file suit.

Moore does allege that he requested a copy of the terms of the Plan before he filed his claim and argues that it would be inequitable to enforce the limitations period when that request was not directly satisfied. However, Moore had worked in the Arizona office of Margaretten for only three or four months before he resigned. The branch manager testified that it was her practice to give every new employee an informational package that included a summary of the Plan, which set forth the 3–year limitations period. While Moore cannot now remember whether he received the information, the best evidence suggests that he did. Moreover, the branch manager of the Margaretten office in Minnesota where Moore had previously worked stated that Moore, like all employees, attended a formal benefits presentation where the terms of the Plan were explained and copies of the Plan were distributed.

Given these circumstances, Moore is not well positioned to claim equitable relief. Moore's counsel has emphasized Moore's business acumen, but even individuals without sophisticated business experience are aware that policies of insurance contain cut-off points beyond which claims are not permitted. Submitting claims for insurance benefits is a routine part of adult life—whether for expenses incurred in connection with one's auto, home, apartment, or health. Moore's delay is simply inexplicable.[2]

2. This court is not persuaded that an insurer's act of inviting a claimant to submit additional

information indefinitely tolls the application of an otherwise applicable limitations period. Even

 Moore also asserts that the 6–year statute of limitations period applicable to claims for breach of contract in Utah is more analogous than the 3–year statute of limitation period applicable to claims for denial of insurance benefits. *Compare Utah Code Ann. § 78–12–23(2) with § 31A–21–313(1)*. Moore fails, however, to distinguish Utah law establishing the principle that contractual limitations on the time to bring suit "if reasonable, are valid, binding and enforceable.". *Hoeppner v. Utah Farm Bureau Ins. Co.*, 595 P.2d 863, 865 (Utah 1979) *(internal quotation marks and citation omitted)*. Acceptance of Moore's argument would require this court to accept the Plan as a contract for the purpose of determining the applicable statute of limitations, but refuse to accept the Plan as a contract for the purpose of enforcing the individual provisions of which it is composed. This court declines to do so.

As a consequence, Moore's claims are barred by the Plan's 3–year limitations period. Defendants' motions for summary judgment are granted on that ground.

**2. The Chase Defendants' Motion for Summary Judgment.**

Even if Moore's claim was not time barred, the motion of the Chase Defendants would be granted on an additional ground. The Chase Defendants are not proper defendants under the ERISA provisions at issue here. Moore seeks to recover benefits pursuant to 29 U.S.C. §§ 1104(a) and 1132(a)(1)(B) and penalties pursuant to 29 U.S.C. § 1132(c). Moore cannot obtain relief pursuant to § 1104(a) inasmuch as he seeks to recover benefits for himself only and that section provides only for plan-wide relief.

 The Chase Defendants are not proper defendants under § 1132(a)(1)(B) because they are neither plan administrators nor fiduciaries. *See Brown v. Continental Baking Co.*, 891 F.Supp. 238, 240–41 (E.D.Pa.1995) *("the proper defendant is either the Plan itself or a fiduciary of the Plan")*. The Chase Defendants are not proper defendants under § 1132(c) because they are not the plan administrator. *McKinsey v. Sentry Ins.*, 986 F.2d 401, 405 (10th Cir.1993) *("statutory liability for failing to provide requested information remains with the designated plan administrator")*; *see also Averhart v. U.S. West Mgmt. Pension Plan*, 46 F.3d 1480, 1490 n. 8 (10th Cir.1994) *(noting actions of employer may be imputed to plan administrator for purposes of § 1132(c))*. There is no evidence that the Chase Defendants committed any act or performed any function that would subject them to liability under these provisions in the absence of their designation as the plan administrator.

As a consequence, even if Moore's claim was not time barred by the contractual limitation period, his claims against the Chase Defendants would still be dismissed.

**3. Moore's Motion for Summary Judgment Regarding Liability.**

Even if Moore's claims were not barred by the limitations period, his motion for summary judgment would still be denied. There are material issues of disputed fact concerning Moore's entitlement to benefits under the Plan. Many factual issues remain with respect to the critical questions of whether Moore was suffering from CFS at the time of termination of employment and whether termination was a result of symptoms of CFS.

**CONCLUSION**

Defendants' motions for summary judgment are granted for the reasons set forth above. Plaintiff's motion for summary judgment with respect to liability is denied.

---

if such an invitation were found to have tolled the limitations period for a limited period of time, the four and one-half year period Moore

waited before submitting additional information is unreasonable.