# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2006
_____

| | | |
|---|---|---|
| Jerry Harris, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| The Epoch Group, L.C.; Barnes- | * | Eastern District of Missouri. |
| Jewish Christian Hospitals, doing | * | |
| business as BJC Healthcare & | * | |
| Associated Entities Plan, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: November 21, 2003

Filed: February 6, 2004
_____

Before WOLLMAN, BYE, and SMITH, Circuit Judges.
_____

BYE, Circuit Judge.

Jerry Harris appeals the dismissal of his claim for health benefits as time-barred. We conclude Harris brought the claim in a timely manner, and therefore reverse and remand.

# I

Harris fell from a tree and broke his right foot and left femur on August 4, 1994. He made a claim for benefits through a self-funded health plan governed by the Employment Retirement Income Security Act (ERISA) and established by his wife's employer, Barnes Hospital (now Barnes-Jewish Christian Hospitals). The plan denied his claim on February 8, 1995.

In February 2002, he brought suit in Missouri state court against the plan and its administrator, The Epoch Group, L.C. The defendants removed the suit to federal district court and moved to dismiss the complaint arguing, among other things, the claim for benefits was time-barred under the terms of the plan. The pertinent plan language provides:

> No action at law or in equity shall be brought to recover under the Plan . . . unless brought within three years from the expiration of the time within which proof of claim is required in accordance with the Plan's claims procedures or such longer period as required by applicable state laws.

Add. at 11. The plan was contracted-for and issued in Missouri, and another part of the plan provided it would be construed according to federal law and ERISA "and secondly, in accordance with the laws of the state of Missouri." App. at 137. Thus, the parties do not dispute the "applicable state laws," if any, are those of the state of Missouri.

Harris resisted the motion to dismiss because the plan expressly provided suit could be brought within three years "or such longer period as required by applicable state laws," and argued his claim was timely under Mo. Rev. Stat. § 516.110(1), Missouri's ten-year statute of limitations for the enforcement of a defendant's written promise for the payment of money. Harris relied upon the Eighth Circuit's en banc

decision in <u>Johnson v. State Mut. Life Assurance Co. of Am.</u>, 942 F.2d 1260 (8th Cir. 1991), which held § 516.110(1) was the statute of limitations applicable to a claim for ERISA benefits in Missouri when a plan did not otherwise provide for a time limitation on bringing claims. <u>Id.</u> at 1266.

The district court disagreed. Relying upon <u>Northlake Reg'l Med. Ctr. v. Waffle House</u>, 160 F.3d 1301, 1303-04 (11th Cir. 1998), and <u>Doe v. Blue Cross & Blue Shield United of Wis.</u>, 112 F.3d 869, 874-75 (7th Cir. 1997), the district court reasoned parties may, in an ERISA case, contractually bind themselves to a shorter statute of limitations than required by state law, and Harris contractually agreed to a three-year limitations period. The district court rejected Harris's reliance upon the plan language which provided "or such longer period as required by applicable state laws," stating "[t]he choice of the appropriate limitations period for a federal cause of action when Congress has not spoken is a matter of federal common law, not state law." Add. at 8.

Harris filed a timely appeal contending the district court erred by ignoring the plain language of the plan which allowed a longer period under state law.

II

"We review de novo a district court's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6)." <u>Krentz v. Robertson</u>, 228 F.3d 897, 905 (8th Cir. 2000).

The district court discounted the plan language which referred to a longer limitations period under state law, reasoning the choice of a limitations period is governed by federal common law, not state law. We do not agree. Although parties may not agree an ERISA plan shall be *construed* according to the principles of state law rather than principles of the federal common law, see <u>Prudential Ins. Co. of Am.</u>

v. Doe, 140 F.3d 785, 791 (8th Cir. 1998), the appellees have not brought to our attention any principle which prohibits parties from borrowing from state law when drafting the substantive terms of an ERISA-governed benefit plan. In this case, the parties specifically chose to incorporate state law when drafting the substantive terms of the plan setting forth the time limitations for bringing claims against the plan.

Nothing in the federal common law prohibits an ERISA plan from contractually incorporating a state statute of limitations period. The cases relied upon by the district court, Northlake and Doe v. Blue Cross & Blue Shield, are distinguishable because the plan language in those cases did not contain the disputed phrase involved here, i.e., "or such longer period as required by applicable state laws." This is not a case where plan participants contractually bound themselves to a shorter limitations period than that required by state law. Rather, this is a case where the plan specifically gave its participants the benefit of the full limitations period allowed by state law. Neither is this a matter of federal law preempting state law. Instead, this is simply a matter of straightforward contract interpretation. The only issue, therefore, is what the parties meant when they said the limitations period was "three years . . . or such longer period as required by applicable state laws."

In a slight variation on the district court's reasoning, the plan and its administrator contend the phrase "or such longer period as required by applicable state laws" is mere surplusage in this particular contract. They contend there are no "applicable" state laws because this is a health plan governed by ERISA and federal law. We disagree. The federal courts apply federal common law rules of contract interpretation to discern the meaning of the terms in an ERISA plan, e.g., Pitcher v. Principal Mut. Life Ins. Co., 93 F.3d 407, 411 (7th Cir. 1996), and under federal common law "a contract should be interpreted as to give meaning to all of its terms – presuming that every provision was intended to accomplish some purpose, and that none are deemed superfluous." Transitional Learning Cmty. at Galveston, Inc. v. United States Office of Personnel Mgmt., 220 F.3d 427, 431 (5th Cir. 2000). We

reject the argument advanced by appellees because it would render the disputed phrase superfluous.

Instead, we decide the phrase means exactly what it says. The plan says three years, or longer if required by state law. Thus, the parties intended to give plan participants a minimum of three years within which to bring suit, even if state law might provide for a shorter period. But if state law provided for a longer period, plan participants got the benefit of the longer period.

We must next decide what limitations period is required by state law. On this score, the en banc court has already done our work. See Johnson v. State Mut. Life Assurance, 942 F.2d at 1266 (deciding the ten-year period under Mo. Rev. Stat. § 516.110(1) is the most analogous statute of limitations under Missouri law for a claim for ERISA benefits).

The plan and its administrator claim a different Missouri statute is more analogous than § 516.110(1). See Mo. Rev. Stat. § 376.426(14) (requiring group health insurance policies to include a provision stating "that no action at law or in equity shall be brought to recover on the policy . . . unless brought within three years from the expiration of the time within which proof of loss is required by the policy."). They recognize Johnson may preclude us from considering this argument, but contend we are not bound by Johnson because the defendant there did not argue for the application of § 376.426(14). Furthermore, they argue the en banc court had "considerable reservations" about adopting § 516.110(1)'s ten-year period. We do not believe these arguments permit us to ignore the holding in Johnson.

First, "[p]recedents do not cease to be authoritative merely because counsel in a later case advance a new argument." United States v. Hill, 48 F.3d 228, 232 (7th Cir. 1995). We are not free to disregard Johnson simply because the plan and its administrator are advancing an argument about § 376.426(14) not raised in Johnson.

-5-

We believe that argument must be made to the court sitting en banc. Second, the "reservations" expressed in Johnson were not about whether § 516.110(1) was the most analogous limitations period to apply to ERISA claims, but rather about Missouri's wisdom in choosing a statute of limitations as long as ten years. See Johnson, 942 F.2d at 1266. In fact, the en banc court expressly noted the length of the limitations period was an issue for the Missouri legislature (or Congress by amending ERISA) and not for the judiciary. Id. Therefore, we conclude Johnson is binding and precludes us from considering whether § 376.426(14) is more analogous than § 516.110(1).

During oral argument, the plan and its administrator advanced a different reason why this panel is not bound by Johnson. The Missouri legislature enacted § 376.426(14) in 1985, and thus the insurer could have argued for its application in Johnson (which was decided in 1991). But Mr. Johnson the plaintiff died in 1979, before § 376.426(14) became law. The plan and its administrator argue Mr. Johnson obtained a vested right to the application of the ten-year statute at the time of his death, and therefore the Johnson court could not have applied § 376.426(14) even if the insurer had argued that statute was the most analogous for ERISA purposes. They therefore contend this panel is now free to consider whether § 376.426(14) is more analogous to ERISA claims than § 516.110(1).

We have considerable reservation about the soundness of appellees' argument, but decline to address it because we would have to resolve a number of issues which have not been fully briefed by the parties.[1] Instead, we reject appellees' reliance upon

---

[1]Mr. Johnson did not obtain a vested right to the ten-year statute of limitations upon his death, because the Missouri legislature may shorten the time for suing on an existing claim if it affords persons with pending claims a reasonable time within which to bring suit. Swartz v. Swartz, 887 S.W.2d 644, 650 (Mo. Ct. App. 1994) (citing Goodman v. St. Louis Children's Hosp., 687 S.W.2d 889, 891 (Mo. banc 1985)). The Missouri courts will not apply a shortened limitations period to a

§ 376.426(14) for a different reason. Section 376.426(14) governs group health insurance policies. Where an ERISA plan is self-funded, as this one is, it is not a group health insurance policy and therefore not governed by § 376.426(14). Thus, Harris's claim for benefits more resembles a straightforward contract action than a claim for benefits under an insurance policy. With respect to this plan, then, we would conclude § 516.110(1) is more analogous than § 376.426(14) even if we were not bound by <u>Johnson</u>. <u>See</u>, <u>e.g.</u>, <u>I.V. Servs. of Am., Inc. v. Inn Dev. & Mgmt., Inc.</u>, 7 F. Supp. 2d 79, 86 (D. Mass. 1998) (concluding a general contract statute of limitations, as applied to a self-funded plan, is more analogous for ERISA purposes than a statute governing insurance policies).

---

pending claim, however, unless the statute has some "saving language" in it providing for a reasonable time in which to file suit on existing claims. <u>Id.</u> at 651.

Thus, in order to determine the binding nature of <u>Johnson</u> if we were to address appellees' argument, it would seem the issue turns on whether § 376.426(14) contains saving language giving persons affected by the statute a reasonable time in which to file suit upon existing claims. That is the point at which we have difficulty with the argument. Section 376.426(14) is not a statute of limitations in the traditional sense, but a part of the state's insurance laws dictating what terms must be included in group health policies. As such, we question whether it could impact claims existing at the time of its passage (rather than merely claims brought under policies issued in 1985 or thereafter which included the terms required by the statute), and whether the Missouri legislature would have had reason to include any saving language in the statute. This dilemma raises the more general concern about whether provisions in state insurance codes, such as § 376.426(14), should even be considered "analogous" statutes of limitation for ERISA purposes. <u>See</u> <u>Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program</u>, 222 F.3d 643, 647-48 (9th Cir. 2000) (holding such statutes are not "analogous" statutes of limitation for ERISA purposes). As stated above, however, we decline to address this issue because none of the aforementioned has been briefed by the parties.

## III

For the reasons stated herein, we reverse the district court's judgment of dismissal and remand for further proceedings.

_____