Bob KERRY, individually and as guardian and conservator for his minor son, Austin Kerry, Plaintiff,

v.

SOUTHWIRE COMPANY & AFFILIATES EMPLOYEE BENEFIT PLAN, Defendants.

No. 2:04–CV–147PGC.

United States District Court,
D. Utah,
Central Division.

July 2, 2004.

Brian S King, Salt Lake City, UT, for plaintiff.

Charles P Sampson, Suitter Axland, Salt Lake City, for defendant.

## ORDER DENYING DEFENDANTS' COMBINED MOTION TO DISMISS

CASSELL, District Judge.

This matter is before the court on Defendants' Combined Motion to Dismiss. Defendants' sole argument is that Plaintiff's claim is barred by the applicable statute of limitations. The court disagrees and hereby DENIES the motion to dismiss.

### BACKGROUND

Plaintiff Bob Kerry is the father of the minor child Austin Kerry. Kerry works for Southwire Company and was the beneficiary of the Southwire Company & Affiliates Employee Benefit Plan (the Plan). The plan is governed by 29 U.S.C. § 1001 *et seq.* of the Employee Retirement Income Security Act (ERISA). Under 29 U.S.C. § 1132(a) a civil action may be brought by a beneficiary or participant of a plan covered by ERISA.

Austin Kerry was born on August 19, 1999. Due to severe medical problems, Austin spent several months in the intensive care unit at the University of Utah Medical Center (UUMC). UUMC submitted the bill to the Plan for payment. The Plan made cuts in the amount it agreed to pay UUMC. Kerry then submitted the remaining portion to his wife's health insurer through her employment. Mrs. Kerry's provider also refused to pay, arguing that the bills were the responsibility of the Plan. The refusals of the Plan and Mrs. Kerry's insurer to pay left the Kerrys with a bill of $90,635.20.

On April 23, 2000, Kerry wrote to the Plan and appealed the denial of the payment and requested the pertinent documents as to why the claim was denied. A letter dated June 20, 2000, was sent from Concentra Preferred Systems to the administrator for the secondary insurance company. The letter stated that the remaining amount was denied due to a Line Item Analysis review performed by Concentra. The letter stated that the review was confidential, and that because there was no contract between Southwire and the University of Utah hospitals, the Plan was not required to write off any portion of the account billed to the Kerrys.

Kerry attempted to obtain documents and information concerning the process and reasons for the denial but was unable to do so. In 2001, Kerry filed suit against the Plan seeking information and damages. That action is currently pending before another court. After Kerry obtained information through the discovery process of this first suit, on September 12, 2003, he sent another letter to the Plan detailing why he believed the denial was wrong and requesting reconsideration of the claim. The Plan did not respond to that letter. On December 12, 2003, Kerry sent another letter requesting a response to the first letter, apparently again receiving no response. The current action was filed on February 10, 2004.

### DISCUSSION

■ Kerry's action was brought under 29 U.S.C. § 1132(a) which grants the participant in an ERISA plan the right to bring a civil action to recover benefits. ERISA does not provide a statute of limitations. This court must therefore "choose the *most* analogous state statute of limitation." [1]

■ Before proceeding to choose a state statute of limitations, the court must first determine which state's laws to apply.

1. *Lang v. Aetna Life Ins. Co.,* 196 F.3d 1102, 1104 (10th Cir.1999).

Kerry contends that Georgia law applies to the Plan and that the court should look at the applicable Georgia statute of limitations. The Plan document provides that "this plan shall be construed, administered and enforced according to the laws of Georgia." Kerry further argues that according to Georgia law, the applicable statute of limitations is six years.[2]

■ It is true that "contractual limitations on the time to bring suit 'if reasonable, are valid, binding and enforceable.'"[3] However, in the Tenth Circuit "[c]hoice of law provisions in contracts are generally understood to incorporate only substantive law, not procedural law such as statutes of limitations."[4] Thus, unless the parties "expressly state an intention to include the [state] statute of limitations ... a standard choice of law provision such as this one will not be interpreted as covering a statute of limitations."[5] Thus, the general provision incorporating Georgia law does not incorporate Georgia's applicable statute of limitations.

■ Neither party disputes that if Georgia law does not apply the court should look to Utah law. Utah has two statutes of limitations which might apply here. The first statute provides as follows: "An action on a written policy or contract of first party insurance must be commenced within three years after the inception of the loss."[6] The second statute provides: "An action may be brought within six years ... upon any contract, obligation, or liability founded upon an instrument in writing."[7] If the three-year statute of limitations applies, absent some reason to toll the statute, Kerry's claim is time-barred. If the six-year statute applies the claim may go forward.

■ In order to determine which of the two statutes should apply the court must first "characterize[ ] the nature of the plaintiff's claim."[8] The Plaintiff was denied benefits under a self-funded employee benefit plan. In similar situations, other circuits have unanimously found that such claims are governed by state statute of limitations for claims based on a written contract. The Sixth Circuit has stated that "courts have uniformly characterized section 1132(a)(1)(B) claims as breach of contract claims for purposes of determining the most analogous statute of limitations under state law."[9] Thus, in *Meade v. Pension Appeals & Review Committee*, the Sixth Circuit applied the Ohio fifteen-year limitation period governing claims based on "an agreement, contract, or promise in writing."[10] The Eighth Circuit has likewise noted that "federal courts ... have held, without exception to our knowledge, that a suit for ERISA benefits under § 1132(a)(1)(B) should be characterized as a contract action for statute of limitations purposes, unless a breach of the ERISA

---

**2.** *See Harrison v. Digital Health Plan*, 183 F.3d 1235, 1241 (11th Cir.1999).

**3.** *Moore v. Berg Enterprises, Inc.*, 3 F.Supp.2d 1245, 1248 (D.Utah 1998) (quoting *Hoeppner v. Utah Farm Bureau Ins. Co.*, 595 P.2d 863, 865 (Utah 1979)).

**4.** *FDIC v. Petersen*, 770 F.2d 141, 142 (10th Cir.1985).

**5.** *Id.* at 142–43; *see also, Held v. Manufacturers Hanover Leasing Corp.*, 912 F.2d 1197, 1203 (10th Cir.1990) (stating that in this circuit "statute[s] of limitation [are] character-

ized as procedural for purposes of conflicts-of-law analysis").

**6.** Utah Code Ann. § 31A–21–313(1) (1999).

**7.** Utah Code Ann. § 78–12–23 (1996).

**8.** *Lang*, 196 F.3d at 1104.

**9.** *Meade v. Pension Appeals & Review Comm.*, 966 F.2d 190, 195 (6th Cir.1992).

**10.** *Id.* at 195 (quoting Ohio Rev.Code § 2305.06).

trustee's fiduciary duties is alleged."[11] Thus, in *Johnson v. State Mutual Life Assurance Company of America* the Eighth Circuit classified the Plaintiff's ERISA claim as a "contract claim ... based upon the defendant's written promise to pay money" and applied the ten-year limitation period governing "[a]n action upon any writing ... for the payment of money."[12]

The Tenth Circuit has likewise noted that "cases typically hold that an ERISA action for benefits is analogous to a state-law action upon a contract."[13] Thus, in *Held v. Manufacturers Hanover Leasing Corp.*, the Tenth Circuit applied the six-year New York statute of limitations applicable to "an action upon a contractual obligation or liability, express or implied"[14] where the plaintiff claimed benefits due under a pension plan.[15]

In *Trustees of the Wyoming Laborers Health & Welfare Plan v. Morgen & Oswood Constr. Co.*,[16] a case involving suit by trustees of a plan to recover delinquent contributions, the Tenth Circuit looked at numerous Wyoming statutes of limitation and again chose the "ten-year statute of limitations for actions based on written contract ..."[17] The Wyoming statute covers "an action upon ... any contract, agreement or promise in writing."[18] The court also noted that

characterization of an ERISA action as an action on contract is consistent with the legislative history of that statute and recognizes the similarity of actions under ERISA to actions brought under section 301 of the Labor Management Relations Act ... Congress clearly intended actions brought under ERISA to be interpreted by the courts 'in similar fashion to those brought under section 301 of the Labor–Management Relations Act of 1947.' ... Actions under section 301 of the Labor Management Relations Act have typically been analogized to actions for breach of contract.[19]

While *Wyoming Trustees* involved a suit to recover delinquent plan payments rather than a suit for denial of benefits, it follows the crowd of circuits which "have used state contract law to establish limitations periods for civil enforcement actions brought under 29 U.S.C. § 1132."[20]

However, there is a fly in the ointment of Tenth Circuit law on this case. Defendant points the court to the Tenth Circuit case of *Lang v. Aetna Life Insurance*,[21] and argues that pursuant to *Lang* ERISA

**11.** *Johnson v. State Mut. Life Assur. Co. of Am.*, 942 F.2d 1260, 1263 (8th Cir.1991) (en banc).

**12.** *Id.* at 1266 (quoting Mo. Ann. Stat. § 516.110(1)); *see also, Dameron v. Sinai Hosp.*, 815 F.2d 975, 981 (4th Cir.1987) (ERISA claim for failure to provide benefits is "analogous ... to a breach of contract action"); *Jenkins v. Local 705 Int'l Brotherhood of Teamsters Pension Plan*, 713 F.2d 247, 251 (7th Cir.1983) (applying five-year Illinois statute of limitations for actions on contracts in suit for denial of benefits under ERISA); *Pierce County Hotel Employees & Restaurant Employees Health Trust v. Elks Lodge*, 827 F.2d 1324, 1328 (9th Cir.1987) (adopting "forum state's statute of limitations governing breach of contract claims for ERISA collection actions").

**13.** *Held*, 912 F.2d at 1207.

**14.** N.Y. Civ. Prac. L. & R. § 213(2).

**15.** *Held*, 912 F.2d at 1206.

**16.** 850 F.2d 613 (10th Cir.1988).

**17.** *Id.* at 620.

**18.** Wyo. Stat. § 1–3–105(a)(i).

**19.** *Id.* at 621 (quoting H.R. Conf. Rep. No. 1280, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Admin. News 5038, 5107).

**20.** *Harrison*, 183 F.3d at 1240.

**21.** 196 F.3d 1102 (10th Cir.1999).

claims brought pursuant to 29 U.S.C. § 1132(a) are covered by Utah's three-year statute of limitations governing a "written policy or contract of first party insurance." [22] In *Lang*, the Plaintiff was disabled and was denied disability benefits money pursuant to a group disability insurance policy provided to employees of the University of Miami by the defendant, Aetna Life Insurance. Because the suit was based specifically on a "contract of insurance" the court looked to Utah's comprehensive insurance code and borrowed its three-year statute of limitations. [23]

The Tenth Circuit gave no details about the group health insurance plan involved in *Lang*, but the posture of that case indicates that it was a typical insurance plan and not a self-funded employee benefits plan such as is at issue in this case. This is an important distinction for two reasons. First, the Eighth Circuit, in *Harris v. The Epoch Group, L.C.*, stated that "[w]here an ERISA plan is self-funded ... it is not a group health insurance policy ..." [24] In *Harris*, the Eighth Circuit therefore chose to apply Missouri's ten year statute of limitations applicable to "[a]n action upon any writing ... for the payment of money" rather than borrowing the three-year statute of limitations found in the state's insurance code governing group insurance policies. [25] Second, Utah's comprehensive insurance code specifically does not cover "self-insurance." [26] Self-insurance is defined in the Utah Code as "any arrangement under which a person provides for

spreading its *own* risks by a systematic plan." [27] While this provision may not be dispositive since the court is merely choosing the most analogous state law provision, it is certainly influential.

This court believes the distinction set forth by the Eighth Circuit is persuasive. Kerry's claim in this case is not based upon a group insurance policy such as was at issue in *Lang*. Rather, the plan involved here is a self-funded employee benefits plan.[28] The introduction to the plan plainly states that the benefits provided "shall be self-funded through the Southwire Company Employees' Voluntary Benefit Association Trust." [29] There is no contract with an outside insurer, such as Aetna, as was the case in *Lang*. "A plaintiff's action to enforce the medical benefits provision of a *self-funded* ERISA plan is essentially a lawsuit by an employee against her employer for breach of contract" and district courts should apply the "statute of limitations for an action on a written contract." [30] *Lang*, therefore, does not govern this case which is more akin to *Held* where the Tenth Circuit applied New York's written contract statute of limitations.

Finally, it was the expressly declared intention of Congress in drafting ERISA "to protect ... the interests of participants in employee benefit plans and their beneficiaries" from unjustly losing their promised benefits.[31] Thus, there must be concern that the statute of limitations chosen "would not impede effectuation of federal policy." [32] The Seventh Circuit has stated:

---

**22.** Utah Code Ann. § 31A–21–313(1).

**23.** *Id.*

**24.** 357 F.3d 822, 827 (8th Cir.2004).

**25.** *Id.*

**26.** Utah Code Ann. § 31A–1–103.

**27.** Utah Code Ann. § 31A–1–301(142).

**28.** *See* Southwire Company & Affiliates Employee Benefit Plan at 10.1 and 10.2.

**29.** *Id.*

**30.** *Harrison*, 183 F.3d at 1241 (emphasis added)

**31.** 29 U.S.C. § 1001(a).

**32.** *Pierce County Hotel Employees & Restaurant Employees Health Trust v. Elks Lodge*, 827 F.2d 1324, 1328 (9th Cir.1987) (adopting "forum state's statute of limitations governing breach of contract claims for ERISA collection actions").

"In determining the most appropriate state statute of limitations, the court must be cognizant of and examine the underlying nature of the federal claim as well as the federal policies involved."[33] As reflected from the case law of other circuits discussed above, each has chosen to apply the statute of limitations governing actions for breach of contract which are generally favorable to plaintiffs. The express policy of ERISA, along with the unanimity of the circuits which have dealt with claims for benefits under self-funded ERISA plans, dictates that this court rule along the same lines.

## CONCLUSION

For all of these reasons, this court is persuaded that the "most analogous" Utah statute of limitations is the six-year statute governing actions for breach of a written contract. As such, Defendant's motion to dismiss (# 12–1) is DENIED.

---

**33.** *Jenkins,* 713 F.2d at 251.