# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-1404

_____

Donald Shrable

*Plaintiff - Appellant*

v.

Eaton Corporation

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 20, 2012
Filed: October 3, 2012

_____

Before WOLLMAN, BEAM, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Donald Shrable was terminated by Eaton Corporation in July 2009 after receiving three formal written warnings about his job performance and conduct. Shrable then filed this action under the Employee Retirement Income Security Act of 1974 (ERISA), the Fair Labor Standards Act (FLSA), and the Arkansas Civil Rights Act of 1993 (ACRA), alleging that Eaton had retaliated against him after he raised

complaints protected by those statutes. The district court[1] granted summary judgment to Eaton on the federal law claims and dismissed the state law claims without prejudice. Shrable appeals, and we affirm.

Eaton manufactures hoses for use in the hydraulic, aerospace, and automotive industries. Shrable was the most senior hourly employee at its plant in Mountain Home, Arkansas. He was first reprimanded in September 2008 for using the incorrect stock in a machine at the plant. The production supervisor and manager noted at that time that Shrable had already been "talked to" about three other incidents. Although it was Eaton's policy to terminate an employee after four incidents, Shrable was issued only a "first-level" written warning. Later that fall the production manager raised additional concerns about Shrable's job performance after receiving a complaint that he was frequently away from his assigned machine.

Shrable was subsequently disciplined for his conduct during a meeting in January 2009. In 2008 Eaton had ceased its regular practice of providing employees with gift cards and an extra half hour of paid lunch time for Thanksgiving and Christmas. The meeting facilitators asked employees to identify opportunities to improve production and their work environment, and Shrable asked whether employees would receive gift cards and extra break time for the holidays in 2009. According to Eaton, Shrable asked, "Don't you think this is why we have bad attitudes?" Shrable subsequently received a written warning for disruptive conduct during the meeting.

Shortly after the January meeting the plant's production managers realized that in December Shrable had again used the wrong component in his machine. Shrable

---

[1]The Honorable Jerome T. Kearney, United States Magistrate Judge for the Eastern District of Arkansas, presiding by consent of the parties pursuant to 28 U.S.C. § 636(c).

explained that it had been a mistake. He was subsequently placed on an performance improvement plan and told that any future corrective action would result in termination.

In the spring of 2009 Shrable volunteered for unpaid leave as part of a downsizing effort by Eaton. On his return Shrable had a new supervisor who was unaware of his disciplinary history. The supervisor observed that Shrable was frequently away from his assigned work area and had other problems with productivity and work quality, but he did not take disciplinary action. After Shrable returned from a second period of leave in June 2009, the same supervisor noted that Shrable left his machine twice in one day and neglected to notify others of his location despite being reminded to do so. The supervisor gave Shrable a written warning, and Shrable replied that he had received several prior warnings and this one would likely result in his termination. The supervisor discussed Shrable's situation with the plant manager, the production manager, and a human resources officer, who decided to terminate Shrable's employment.

Shrable filed a complaint in Arkansas state court raising a variety of age and disability discrimination claims, as well as harassment and retaliation claims. Eaton removed the action to federal court and moved for summary judgment. Shrable then abandoned all but his retaliation claims under ERISA, FLSA, and ACRA. The district court granted summary judgment on the ERISA and FLSA claims, concluding that Shrable had failed to make out a prima facie case of retaliation. The district court declined to exercise supplemental jurisdiction over Shrable's ACRA claim and dismissed it without prejudice.

Shrable appeals the adverse grant of summary judgment on his ERISA and FLSA claims. He argues that there was a genuine issue of material fact because the record showed that he had complained about changes to the 401(k) policy during the January meeting, that this complaint was protected activity under ERISA, and that

Eaton terminated him in retaliation for his complaint. Shrable also contends that his complaint about the holiday meal time and gift cards was protected under FLSA.

This court reviews the district court's grant of summary judgment de novo, viewing the record and all reasonable inferences in the light most favorable to the nonmoving party. Trierweiler v. Wells Fargo Bank, 639 F.3d 456, 459 (8th Cir. 2011). If there is "no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party, summary judgment is appropriate." Fercello v. Cnty. of Ramsey, 612 F.3d 1069, 1077 (8th Cir. 2010).

We first consider Shrable's ERISA claim. Section 510 of ERISA makes it unlawful to "discharge, fine, suspend, expel, discipline, or discriminate against a participant . . . for exercising any right to which he is entitled under the provisions of an employee benefit plan." 29 U.S.C. § 1140. ERISA discrimination claims are analyzed under a burden shifting framework that requires Shrable to make out a prima facie case of retaliation. See Rath v. Selection Research, Inc., 978 F.2d 1087, 1089 (8th Cir. 1992). To meet this burden Shrable must prove he participated in a statutorily protected activity, he experienced an adverse employment action, and a causal connection existed between the two. Id. at 1090. If Shrable makes out a prima facie case, Eaton must articulate a nondiscriminatory reason for its actions, which shifts the burden back to Shrable to prove that the proffered reason is mere pretext. See id. at 1089–90 (citations omitted).

Shrable contends that Eaton terminated him in retaliation for raising concerns about the company's 401(k) policy at the January meeting. We have not decided whether informal complaints are covered by § 510 of ERISA, see Langlie v. Onan Corp., 192 F.3d 1137, 1141 (8th Cir. 1999), but we need not reach that issue here because the record does not show that Shrable participated in a statutorily protected activity. Shrable testified that he had asked the meeting facilitators about the decision to eliminate matching 401(k) contributions, but Eaton showed that Shrable could not

have raised that concern at the January meeting because the 401(k) plan changes were not announced until February. Shrable also asserts that he had asked whether the changes to holiday benefits foreshadowed changes to the sick leave and 401(k) policies, but he offers nothing aside from his own "self-serving allegations" to support this assertion. Davidson & Associates v. Jung, 422 F.3d 630, 638 (8th Cir. 2005). Shrable's written warning following the meeting mentioned only his questions about the holiday lunch hour and gift cards.

Shrable likewise fails to demonstrate a causal connection between his comments at the January meeting and his termination in July. This court has expressed "doubt" whether a plaintiff may establish a prima facie case of retaliation when termination occurs six months after the protected activity. Rath, 978 F.2d at 1090; see also Kipp v. Mo. Highway & Transp. Comm'n, 280 F.3d 893, 897 (8th Cir. 2002). On the record before the court Shrable fails to alleviate that doubt here. We conclude that Shrable has failed to make out a prima facie case of retaliation under ERISA.

We next address Shrable's claim under FLSA. FLSA makes it unlawful for an employer "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint . . . under or related to this chapter." 29 U.S.C. § 215(a)(3). The Supreme Court has held that FLSA's anti retaliation provision covers oral complaints as well as formal written ones. Kasten v. Saint-Gobain Performance Plastics Corp., 131 S. Ct. 1325, 1336 (2011). To make out a prima facie case of retaliation under FLSA, Shrable must show the same three elements required for his ERISA claim. Ritchie v. St. Louis Jewish Light, 630 F.3d 713, 717 (8th Cir. 2011).

Shrable contends that his complaint about holiday mealtimes was protected by FLSA because the schedule changes "would affect overtime." As the district court correctly noted, however, "[b]ona fide meal periods are not worktime," 29 C.F.R.

§ 785.19(a), and thus the elimination of a half hour of paid lunch would have no effect on overtime. We conclude that Shrable has failed to make out a prima facie case of retaliation under FLSA, and at any rate has failed to show a causal connection between his complaint about holiday meal time and his termination six months later. See Rath, 978 F.2d at 1010; Kipp, 280 F.3d at 897.

Eaton argues in its reply brief that the district court should have exercised supplemental jurisdiction over his state law claim under ACRA and adjudicated it on the merits. Since Eaton did not cross appeal, we will not consider its argument which would have the effect of "enlarging [Eaton's] own rights . . . or of lessening the rights of [Shrable]." El Paso Nat. Gas Co. v. Neztsosie, 526 U.S. 473, 479 (1999).

Accordingly, we affirm the district court's judgment.

_____