# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-1655

_____

Debra Munro-Kienstra

*Plaintiff - Appellant*

v.

Carpenters' Health and Welfare Trust Fund of St. Louis

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: March 10, 2015
Filed: June 17, 2015

_____

Before MURPHY and SHEPHERD, Circuit Judges, and BROOKS,[1] District
Judge.

_____

MURPHY, Circuit Judge.

Under the Employee Retirement Income Security Act ("ERISA"), Debra
Munro-Kienstra alleged wrongful denial of health care benefits by the Carpenters'

_____

[1] The Honorable Timothy L. Brooks, United States District Judge for the
Western District of Arkansas, sitting by designation.

Health and Welfare Trust Fund of St. Louis' Employee Welfare Benefit Plan (the "plan"). See 29 U.S.C. §§ 1001–1461. The plan stated that any ERISA action for denial of benefits must be brought within two years of the date of denial. Munro-Kienstra learned that she had been denied coverage in July 2009, and she filed this action over two years later in January 2012. The district court[2] concluded that Munro-Kienstra's claim was time barred and granted summary judgment for Carpenters. Munro-Kienstra appeals, and we affirm.

Munro-Kienstra, a Missouri resident, received treatment for uterine fibroid tumors at the Mayo Clinic in September 2008. She submitted a claim for reimbursement under the plan, but Carpenters concluded that her treatment fell outside the plan's coverage because the treatment was investigative, experimental, and required prior approval. Munro-Kienstra appealed the decision internally, but in July 2009 Carpenters informed Munro-Kienstra that the denial of her claim was final. The plan under which Munro-Kienstra's claim was denied is a self funded multiple employer welfare benefit plan that is "maintained pursuant to collective bargaining agreements between the participating employers and the Carpenters' District Council of Greater St. Louis." The parties agree that the plan is subject to the ERISA statutory framework. See 29 U.S.C. § 1002(1). The plan specified that any civil action for wrongful denial of medical benefits under ERISA § 502(a) must be filed within two years of the final date of denial. See 29 U.S.C. § 1132.

Munro-Kienstra brought this ERISA § 502(a) action alleging wrongful denial of health care benefits in January 2012, almost two and a half years after she learned her claim had been denied. She argued in the district court that the plan's contractual two year statute of limitations was invalid because the plan's rules of construction stated that its terms should be read to comply with Missouri law. Munro-Kienstra

---

[2] The Honorable Henry E. Autrey, United States District Judge for the Western District of Missouri.

asserted that a ten year Missouri statute of limitations governed her claim and that a separate Missouri statute barred contracting parties from shortening that limitations period.

The district court rejected Munro-Kienstra's argument. It applied the plan's contractual two year statute of limitations and concluded that Munro-Kienstra's claim was time barred. The district court relied on Heimeshoff v. Hartford Life & Accident Insurance Co., 134 S. Ct. 604 (2013), in which the Court stated that when parties to an ERISA benefit plan "have adopted a limitations period by contract . . . there is no need to borrow a state statute of limitations" unless "the period is unreasonably short" or a "controlling statute prevents the limitations provision from taking effect." Id. at 612, 616. The district court identified no controlling statute that prevented the contractual "limitations provision from taking effect" and granted summary judgment for Carpenters. See id. at 612. Munro-Kienstra appeals. We review the district court's grant of summary judgment de novo, viewing the record and drawing all reasonable inferences in the light most favorable to the nonmoving party. Shrable v. Eaton Corp., 695 F.3d 768, 770–71 (8th Cir. 2012). Summary judgment is appropriate if there is no dispute of material fact. Id.

ERISA "contains no statute of limitations for actions to recover benefits under a regulated plan." Johnson v. State Mut. Life Assur. Co. of Am., 942 F.2d 1260, 1261–62 (8th Cir. 1991) (en banc). Parties may fill this gap by agreeing to a reasonable limitations period in their contract. See Heimeshoff, 134 S. Ct. at 610. In the absence of a contractual limitations period or if the parties have expressly agreed to incorporate a state law limitations period into a regulated plan, we apply "the most analogous [state] statute of limitations." Johnson, 942 F.2d at 1262. The plan at issue here states in three separate provisions that "any civil action under Section 502(a) of the Employee Retirement Income Security Act must be filed within two years of the date of the Trustees' decision" to deny plan benefits. It is undisputed that Munro-Kienstra failed to file her claim within two years of the final denial date.

Munro-Kienstra argues that her claim is not time barred because the contractual two year limitations period is invalid based on the plan's rules of construction. The plan states in relevant part that the "terms and provisions of this Plan shall be construed . . . First, in accordance with . . . the Internal Revenue Code and with ERISA; and secondly, in accordance with the laws of the State of Missouri." Munro-Kienstra asserts that these rules of construction require us to disregard the plan's express two year limitations period and instead apply "the ten-year period under Mo. Rev. Stat. § 516.110(1)" that we have previously concluded is "the most analogous statute of limitations under Missouri law for a claim for ERISA benefits." Harris v. The Epoch Grp., L.C., 357 F.3d 822, 825 (8th Cir. 2004) (citing Johnson, 942 F.2d at 1266).

The argument that the two year limitations period should not apply is not persuasive. There is no conflict between the plan's contractual limitations period and Missouri law. Thus, recourse to the plan's rules of construction is unnecessary. State law does not "apply of its own force to a suit based on federal law—especially a suit under ERISA, with its comprehensive preemption provision." Doe v. Blue Cross & Blue Shield United of Wisconsin, 112 F.3d 869, 874 (7th Cir. 1997). If the parties "have adopted a limitations period by contract," as the parties have done here, "there is no need to borrow a state statute of limitations" unless a court concludes "either that the period is unreasonably short, or that a controlling statute prevents the limitations provision from taking effect." Heimeshoff, 134 S. Ct. at 612, 616. Munroe-Kienstra does not argue that the plan's two year statute of limitations is unreasonable under Heimeshoff, and the plan's limitations period bars her claim in the absence of a controlling statute to the contrary.

Munro-Kienstra responds that Mo. Rev. Stat. § 431.030, which prohibits parties from shortening the limitations period for enforcing a contract, is a controlling statute that prevents the plan's contractual "limitations provision from taking effect." See Heimeshoff, 134 S. Ct. at 616. Her argument assumes that Missouri's ten year

statute of limitations applies here and that the plan violates § 431.030 by shortening that limitations period to two years. Given that state law "doesn't apply of its own force to a suit based on federal law," Doe, 112 F.3d at 874, she asserts that the plan's rules of construction incorporate the laws of Missouri so § 431.030 should be controlling in this federal action under ERISA.

Her argument overstates the role of the plan's rules of construction. Although parties may "specifically [choose] to incorporate state law when drafting the substantive terms of the plan setting forth the time limitations for bringing claims," Harris, 357 F.3d at 825, they may not broadly "contract to choose state law as the governing law of an ERISA-governed benefit plan." Prudential Ins. Co. of Am. v. Doe, 140 F.3d 785, 791 (8th Cir. 1998). The plan's rules of construction here are not substantive provisions that specifically incorporate § 431.030. Cf. Harris, 357 F.3d at 825. Munro-Kienstra must thus establish that § 431.030 applies to the plan despite ERISA's "comprehensive preemption provision," Doe, 112 F.3d at 874, before she can show that it is a "controlling statute [that] prevents the limitations provision from taking effect," see Heimeshoff, 134 S. Ct. at 612.

ERISA is a "broad, comprehensive regulation that preempts state laws relating to employee benefit plans, unless the state law in question regulates insurance, banking, or securities." Brewer v. Lincoln Nat. Life Ins. Co., 921 F.2d 150, 153 (8th Cir. 1990) (citing 29 U.S.C. § 1144(a), (b)(2)(A)). The "first issue a court must address when deciding ERISA preemption cases . . . is whether the state law in question 'relates to' ERISA plans." Arkansas Blue Cross & Blue Shield v. St. Mary's Hosp., Inc., 947 F.2d 1341, 1344 (8th Cir. 1991). We "have relied on a variety of factors" to determine whether a "state statute of general application" like § 431.030 is preempted because it "relates to" an ERISA plan. Id. These factors include whether "the state law negates an ERISA plan provision," whether "the state law impacts the administration of ERISA plans," and whether "preemption of the state law is consistent with other ERISA provisions." Id. at 1344–45.

Here, application of § 431.030 would not only negate the plan's contractual statute of limitations, but also "risk creating a national crazy quilt of ERISA limitations law, with contractual limitations enforceable in some states but not in others, contrary to the uniformitarian policy of the statute." See Doe, 112 F.3d at 874. The Seventh Circuit avoided this result in Doe by enforcing a self funded ERISA plan's shortened contractual statute of limitations despite a contrary Wisconsin statute, stating that "such limitations if reasonable are enforceable in suits under ERISA, regardless of state law." Id. at 873, 875. We agree. Applying the Missouri statute here would "[negate] an ERISA plan provision," negatively "impact the administration of ERISA plans," and create inconsistencies "with other ERISA provisions." Arkansas Blue Cross, 947 F.2d at 1344–45. We thus conclude that application of § 431.030 to this plan would violate ERISA's "comprehensive preemption provision." Doe, 112 F.3d at 874.

Munro-Kienstra anticipates this conclusion and responds that § 431.030 is not preempted because it falls within the ERISA "savings clause, under which ERISA shall not 'be construed to exempt or relieve any person from any law of any State which regulates insurance . . . .'" Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc., 413 F.3d 897, 908 (8th Cir. 2005) (citing 29 U.S.C. § 1144(b)(2)(A)). Munro-Kienstra fails to recognize, however, that "ERISA's exemption from preemption" for laws that regulate insurance "has one express exception" that provides "no self-funded ERISA plan shall be deemed to . . . be engaged in the business of insurance . . . for purposes of any law of any State purporting to regulate insurance companies or insurance contracts." Id. (citing 29 U.S.C. § 1144(b)(2)(B)). The ERISA plan at issue here is self funded, and thus even if Munro-Kienstra could prove that § 431.030 "is saved from preemption because it relates to insurance, the deemer clause prevents the application of that law to self-funded ERISA plans." Id.

Finally, Munro-Kienstra argues that § 431.030 fits under an ERISA preemption savings clause that applies to "multiple employer welfare arrangements," but the

-6-

definition of that term specifically excludes plans that are "maintained . . . pursuant to one or more . . . collective bargaining agreements."  29 U.S.C. § 1002(40)(A). Munro-Kienstra does not dispute the record evidence here that this plan is maintained pursuant to collective bargaining agreements, so her argument fails at the outset. Section 431.030 is not "a controlling statute [that] prevents the limitations provision from taking effect," and thus the plan's contractual two year statute of limitations bars Munro-Kienstra's claim.  See Heimeshoff, 134 S. Ct. at 612.

For these reasons we affirm the judgment of the district court.

_____