# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-1211
_____

Brenda Mulholland

*Plaintiff - Appellant*

v.

Mastercard Worldwide; The Hartford; Hartford Life Group Insurance Company

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: October 16, 2015
Filed: October 21, 2015
[Unpublished]

_____

Before WOLLMAN, BYE, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Brenda Mulholland appeals the district court's adverse grant of summary judgment in her action under the Employment Retirement Income Security Act (ERISA). The district court determined that Mulholland's lawsuit challenging the termination of long term disability (LTD) benefits was time-barred, based on Heimeshoff v. Hartford Life & Accident Ins. Co., 134 S. Ct. 604 (2013). Under

Mulholland's LTD plan, legal action of any kind could not be brought more than three years after proof of disability was required to be filed "unless the law in the state where [the plan participant] live[s] allows a longer period of time." Upon de novo review, see Munro-Kienstra v. Carpenters' Health & Welfare Trust Fund of St. Louis, 790 F.3d 799, 802 (8th Cir. 2015), we agree with Mulholland that the district court overlooked the critical distinction between the contractual limitations provision in this case and the provision addressed in Heimeshoff. Specifically, the provision in Heimeshoff did not contain the additional language allowing a participant to file suit beyond three years if the law of the state provided for a longer period, and thus we conclude that the instant suit was not time-barred. This court has held that in Missouri the applicable limitations period for ERISA actions is the ten-year limitations period in Mo. Rev. Stat. § 516.110(1). See Johnson v. State Mut. Life Assurance Co. of Am., 942 F.2d 1260, 1261-62, 1266 (8th Cir. 1991) (en banc) (because ERISA contains no statute of limitations for actions to recover benefits under an employee benefit plan, looking to state law for most analogous statute of limitations). This court subsequently determined that Johnson was binding, where the ERISA-governed benefit plan contained a contractual limitations period nearly identical to the one here. See Harris v. The Epoch Group, L.C., 357 F.3d 822, 824-26 (8th Cir. 2004) (applying § 516.110(1)'s longer limitations period where contractual limitations provision prohibited filing suit unless it was brought within three years from expiration of time within which proof of loss was required "or such longer period as required by applicable state laws"). The judgment of the district court is reversed, and we remand for the district court to consider in the first instance the parties' arguments on the merits.

_____