# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-3518
_____

Life Investors Insurance Company of America

*Plaintiff - Appellee*

v.

Federal City Region, Inc.; Charleen Corrado, as Personal Representative and
Executrix of the Estate of John M. Corrado

*Defendants - Appellants*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: May 17, 2012
Filed: August 10, 2012

_____

Before MURPHY, BENTON, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Life Investors Insurance Co. of America (Life Investors) filed a breach of contract action against John M. Corrado[1] and Federal City Region, Inc.[2] (collectively referred to as Corrado) for allegedly breaching a Settlement Agreement that existed between the parties. Life Investors also sought a declaratory judgment that Life Investors had not violated the Settlement Agreement and determining that if the Settlement Agreement between the parties was not valid, then Corrado was bound by the original agreement between the parties. The district court and this court have diversity jurisdiction over the matter pursuant to 28 U.S.C. § 1332 because the action is between citizens of different states and the amount in controversy exceeds $75,000. The district court determined the Settlement Agreement was enforceable and that Corrado had violated it. Accordingly, the court granted summary judgment in favor of Life Investors on the breach of contract claim, awarding it $688,957.50 plus pre- and post-judgment interest. We reverse the judgment and remand.

I.

"We review a district court's grant of summary judgment de novo. Thus, the question before this court is whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ferguson v. Cape Girardeau Cnty., 88 F.3d 647, 649-50 (8th Cir. 1996) (internal citation omitted). We recite the facts in the light most favorable to Corrado, as we must on summary judgment.

---

[1]Shortly after Life Investors filed this complaint, Mr. Corrado died. His widow, as his personal representative, was substituted for him in this action.

[2]Federal City Region, Inc. was a company created by Corrado to function as a marketing organization for Life Investors' products.

In 1977, Corrado began an association with Life Investors,[3] whereby Corrado solicited individual and group purchasers of Life Investors' insurance products. Corrado's job was also to recruit and supervise other sales representatives. Life Investors advanced money to Corrado rather than requiring him to wait to be compensated when he made commissions. In exchange for these advances, Corrado assigned a lien against "commissions, credits, or property rights of any kind" that accrued to him from Life Investors. Additionally, Corrado assigned a lien against any securities, mutual funds, earned stock options, or cash value of insurance policies or other products issued by Life Investors. Corrado assigned these liens using a series of successive promissory notes that entitled Life Investors to make a demand at any time for the payment of the money. Importantly, these promissory notes also gave Life Investors an interest in the Life Investors Ownership Participation Trust (OPT), which was the company's pension plan.

By 1993, the parties disputed what amount was actually owed from Corrado to Life Investors. The parties met in February of that year in an effort to reach an agreement. Four months after this meeting, with no record of any contact between the parties during that time, Life Investors reduced its version of the terms of the February agreement to writing (Settlement Agreement). The Settlement Agreement stated that the interest portion of the debt would be paid using Corrado's annual bonuses and Corrado would pay the principal portion of the debt using his OPT pension account. At that time, the OPT was an ERISA covered plan. Life Investors provided Corrado with a copy of the Settlement Agreement and stated Corrado was to sign it and return it to Life Investors. Life Investors also provided Corrado with a letter saying the Settlement Agreement required strict adherence to its terms. Corrado never signed the Settlement Agreement. Nevertheless, in a manner befuddling to Corrado, Life

[3]The original association was actually with Bankers United Life Assurance Company, Life Investors' predecessor. We refer to Bankers United Life Assurance Company as Life Investors for ease of reference.

Investors came into possession of a Settlement Agreement purporting to bear Corrado's signature and sent a copy of that signed Agreement to Corrado.

From 1993 to 1999, rather than giving Corrado annual bonuses, Life Investors applied the amount of the annual bonuses to Corrado's account. Corrado believed that according to the Settlement Agreement, he was to be paid the annual bonuses and was to then pay the bonuses back to the company. During those years, Life Investors also supplied Corrado with annual financial statements that did not reference the Settlement Agreement and that contained numerous deductions and additions with no descriptions.

In December of 2000, Corrado sought to liquidate his portion of the OPT. Life Investors informed Corrado that he could cash in his account, minus the debt owed under the Settlement Agreement. Corrado's attorney explained to Life Investors that Corrado had not signed the Settlement Agreement. In 2003, Life Investors transferred Corrado's portion of the OPT to a non-ERISA covered account. In 2007, Corrado again sought a partial distribution of the plan benefits. Life Investors denied this request. Corrado then filed suit in the United States District Court in Maryland for breach of fiduciary duty, for failure to comply with ERISA, and for Life Investors' refusal to pay Corrado the funds in the OPT account. While that suit was pending, Life Investors filed the present action in the Northern District of Iowa. The district court in Maryland granted summary judgment in favor of Life Investors, finding Corrado's ERISA claims were time barred and finding Corrado failed to present evidence that Life Investors had breached its fiduciary duties.

II.

The district court in this action granted summary judgment in favor of Life Investors on the breach of contract claim, finding that, notwithstanding the disputed signature, Corrado had ratified the Settlement Agreement by affirmation by accepting

-4-

benefits under the Settlement Agreement and was bound by it. Having found for Life Investors on the contract claim, the district court did not address the declaratory judgment claim as to the enforceability of the original promissory notes. The district court originally entered a judgment against Corrado in the amount of $688,957.50 plus interest, together with fees and costs. Pursuant to a Motion to Alter or Amend the Judgment filed by Corrado, the district court vacated its judgment and ordered the parties to brief the issue of whether the judgment should include an award of interest. The court ultimately awarded $239,304.20 in prejudgment interest in addition to the award of $688,957.50 plus post-judgment interest. The court denied recovery of attorney's fees.

## III.

Before addressing the merits of the case, we must address the issue of mootness. Article III of our Constitution contains a cases and controversies clause that prohibits courts from hearing claims that are moot. "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot" and cannot be heard by a court. Ali v. Cangemi, 419 F.3d 722, 723 (8th Cir. 2005) (en banc) (citation and quotation marks omitted). Additionally, a case can be moot under the doctrine of prudential mootness; "[e]ven if a court has jurisdiction under Article III to decide a case, prudential concerns may militate against the use of judicial power." Id. at 724. Life Investors argues Corrado's appeal is moot because Corrado has already paid the judgment entered by the district court.

"[P]ayment of a judgment alone does not moot an appeal . . . unless the parties intended to abandon their right to appeal." Tungseth v. Mutual of Omaha Ins. Co., 43 F.3d 406, 409 (8th Cir. 1994). "When a party pays a judgment that is later invalidated, restitution remains an available and appropriate remedy because the payee has no right to the payment made under the invalidated judgment." United States v.

Stute Co., 402 F.3d 820, 825 (8th Cir. 2005). Life Investors argues that restitution in this case would be improper because Corrado has "admitted that [he] failed to pay Life Investors all amounts advanced to [him] by Life Investors plus interest." As support for this argument, Life Investors directs us to Corrado's answer to the complaint where Corrado replied "admit" to Life Investors' allegation that "Mr. Corrado and FCR have failed to pay Life Investors all amounts advanced to them by Life Investors plus interest." However, that Corrado has admitted that Corrado did not pay *all* of the debt owed, does not mean that Corrado has admitted that Corrado has not paid *any* of the debt owed. Accordingly, Life Investors has not sufficiently demonstrated that restitution of the judgment award would be inequitable in this case because it has not demonstrated that Corrado has ever admitted that Corrado owed the amount of the judgment. In fact, the record indicates that the parties have had an ongoing dispute about the amount owed for decades. Accordingly, Corrado's appeal is not moot.

IV.

As relevant to this appeal, Corrado argues that reversal is warranted because the district court considered unauthenticated evidence and erred in determining that Corrado was bound by the Settlement Agreement. We find that the district court erred in entering summary judgment in that it failed to properly analyze these issues.

On the first point, in Corrado's response to Life Investors' motion for summary judgment, Corrado argued that the Settlement Agreement submitted to the district court by Life Investors with its complaint and in support of its motion for summary judgment had not been authenticated. The district court did not directly address the authenticity of the Settlement Agreement. Instead, it moved to the question of whether Corrado was bound by the Settlement Agreement. "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence . . . ." Stuart v. Gen. Motors Corp., 217 F.3d 621, 635-36 n.20 (8th Cir.

2000). The burden of authenticating evidence is on the proponent of the evidence. Fed. R. Evid. 901(a). "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a.).

"We defer to admissibility determinations under an abuse-of-discretion standard of review, even at summary judgment." Morgan v. United Parcel Serv. of Am., Inc., 380 F.3d 459, 467 (8th Cir. 2004). Still, "if a matter is covered by a Federal Rule the federal courts must apply the Rule." Hiatt v. Mazda Motor Corp., 75 F.3d 1252, 1258 (8th Cir. 1996). Here, the district court did not make a ruling on the authentication of the Settlement Agreement nor did it discuss the issue. Because the district court did not address the issue, it "is not ripe for appellate intervention," and we remand to give "the district court the opportunity to review" the issue of authentication. See Younts v. Fremont Cnty., 370 F.3d 748, 754 (8th Cir. 2004).

Second, Corrado argues that the district court erred in finding that Corrado was bound by the Settlement Agreement. Corrado argued before the district court that Corrado had not signed the Settlement Agreement, had not accepted its terms, and was not bound by the Agreement. In evaluating whether Corrado was "bound by the Settlement agreement notwithstanding the disputed signatures" the district court stated that "in light of the appropriate standards the court is satisfied that the agreement has been ratified by affirmation, by [Corrado] accepting the benefit of the Settlement Agreement for several years prior to raising any objection thereto."

In determining that ratification applied, the district court cited only CNH Capital Am. v. McCandless, No. C05-2087, 2007 WL 1498357 (N.D. Iowa May 18, 2007). This district court case discussed an Iowa case and sections and commentary to the Restatement (Second) of Contracts that deal with agreements that are avoidable because they were entered into under undue influence or duress, fraud or deceit, mistake or misrepresentation, or resulted from a breach of fiduciary relation or

incapacity. <u>Id.</u> at 5-6. The case and comments cited by the <u>CNH</u> court discuss the loss of the power of avoidance due to ratification and address a situation where a contract has apparently been formed but the assent of one or both of the parties is avoidable for some reason. <u>See</u> Restatement (Second) of Contracts § 380 cmt. a. (1981). In a diversity case where a state court has not spoken on an issue, the district court should "predict what that court would decide if it were to address the issue." <u>Lindsay Mfg. Co. v. Hartford Accident & Indem. Co.</u>, 118 F.3d 1263, 1267-68 (8th Cir. 1997). The district court in this case erred by extending the doctrine of ratification based on inapplicable Iowa case law and Restatement sections to a case such as this where Corrado does not argue a circumstance invalidated Corrado's signature on the written contract but instead argues Corrado never signed the contract in the first place. Accordingly, summary judgment in favor of Life Investors must be reversed.

Corrado also challenges the legality of the Settlement Agreement, but, having found summary judgment was improperly granted on the theory of ratification, it is unnecessary for us to reach that issue on appeal.

V.

For the foregoing reasons, the judgment of the district court is reversed and this case is remanded for further proceedings.

_____