# United States Court of Appeals
### For the Eighth Circuit

_____

## No. 14-1573
_____

Life Investors Insurance Company of America

*Plaintiff - Appellee*

v.

John M. Corrado

*Defendant*

Federal City Region, Inc.; Charleen Corrado, as Personal Representative and Executrix of the Estate of John M. Corrado

*Defendants - Appellants*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: April 16, 2015
Filed: October 22, 2015

_____

Before RILEY, Chief Judge, LOKEN and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Life Investors Insurance Company of America (Life Investors) brought a breach of contract action against John M. Corrado[1] alleging breach of a settlement agreement that Life Investors claimed required Corrado to repay advances of monies Corrado received from Life Investors. The district court granted summary judgment to Life Investors, and Corrado appealed. We reversed the grant of summary judgment and remanded the matter to the district court for further proceedings. Life Investors Ins. Co. of Am. v. Federal City Region, Inc., 687 F.3d 1117 (8th Cir. 2012). This case returns after our prior remand to the district court and the district court's certification of a question of Iowa law to the Iowa Supreme Court. Corrado again appeals the district court's grant of summary judgment to Life Investors. We now affirm.

I.

The factual framework of this case is discussed in our prior opinion. See id. at 1119-20. In that decision, we reversed the district court's grant of summary judgment in favor of Life Investors on its breach of contract claim and remanded the matter to the district court. We held the district court erred, in part, "by extending the doctrine of ratification based on inapplicable Iowa case law and Restatement sections to a case such as this where Corrado does not argue a circumstance invalidated Corrado's signature on the written contract but instead argues Corrado never signed the contract in the first place." Id. at 1122.[2] We declined to consider whether the

---

[1]After Life Investors filed the complaint, John Corrado died. His widow, Charleen Corrado, as his personal representative, was substituted for him in this action. We refer to all defendants/appellants, including Federal City Region, Inc., collectively as "Corrado."

[2]We also remanded based on a conclusion that the district court erred in considering unauthenticated evidence. On remand, the district court entered an order finding the settlement agreement authenticated. That decision is not subject to this appeal.

Settlement Agreement was legal under ERISA law. Because the facts are provided in the prior opinion, we will move to the procedural developments since remand.

Upon receiving remand, the district court certified two questions to the Iowa Supreme Court.

> 1. If a party receives a copy of an executed contract with that party's signature thereon, even where it is not known who applied the party's signature to the contract or whether the signature was authorized, and the party (a) does not challenge the signature or otherwise object to the contract, and (b) accepts benefits and obligations under the contract for at least six years, then has the party ratified the contract and is the party, therefore, bound by the terms of the contract?
>
> 2. If a party receives a copy of an executed contract with that party's signature thereon, even where it is not known who applied the party's signature thereto, and the party (a) does not challenge the signature and (b) accepts benefits and obligations under the contract for at least six years, then is the party estopped from challenging the signature as a basis for asserting that he is not bound by the contract?

Life Investors Ins. Co. of Am. v. Estate of Corrado, 838 N.W.2d 640, 642 (Iowa 2013). The Iowa Supreme Court answered the first question affirmatively, holding:

> We conclude Iowa law should abandon the "purported to act" rule contained in the Restatement (Second) of Agency and our prior caselaw in favor of the rule contained in the Restatement (Third) of Agency, that an undisclosed principal may ratify an actor's unauthorized act. We reach this conclusion for the reasons set forth in comment *c* of section 4.03 of the Restatement (Third) of Agency and for the fact that our legislature has adopted this rule for negotiable instruments. We agree with the Restatement (Third) of Agency's position that our law should not treat contracts and negotiable instruments differently. A person should not be able to accept the benefits of a contract even if the signer's

acts are unauthorized, but deny his or her obligations under the contract because the signer's acts are unauthorized.

Id. at 647.

Because it answered the first question affirmatively, the Iowa Supreme Court did not address the second question certified by the district court. After the district court received the Iowa Supreme Court's answer, it reinstated the grant of summary judgment in favor of Life Investors. The critical holdings in that reinstatement are (1) Corrado ratified by affirmation the Settlement Agreement when he accepted the benefits under the agreement for several years prior to raising any objections and (2) assuming the Ownership Participation Trust (OPT) is an ERISA-covered plan, the Settlement Agreement expressed an intent that the debt be paid from the OPT account but did not require that result and thus the purpose and object of the Settlement Agreement was legal.

II.

Corrado again appeals raising two grounds that we will address.[3] First, Corrado argues the district court committed error when it determined that Corrado was bound by the Settlement Agreement through ratification. Specifically, Corrado claims the doctrine of laches precludes a finding that Corrado ratified the Settlement Agreement. He further asserts there were inconsistencies between the Settlement Agreement and other information Life Investors sent to Corrado that nullify any

---

[3]In its complaint, Life Investors presented alternative theories for recovery. Because the district court found Life Investors could recover under the Settlement Agreement, it did not consider whether Corrado was liable under the terms of the promissory notes. As we are affirming the first basis, there is no need to consider Corrado's request that we determine whether the alternative theory can survive statute of limitations issues.

ratification. Second, Corrado argues that the district court erred in enforcing an agreement the district court assumed to be in violation of ERISA.

We review the district court's grant of summary judgment de novo, viewing the record and drawing all reasonable inferences in the light most favorable to the nonmoving party. Shrable v. Eaton Corp., 695 F.3d 768, 770-71 (8th Cir. 2012). Summary judgment is appropriate if there is no dispute of material fact. Id.

A.

The substance of Corrado's first claim on appeal is essentially a challenge to the Iowa Supreme Court's decision on the certified questions. Corrado presented both his laches argument and his argument that there were inconsistencies between the Settlement Agreement and other information provided by Life Investors to the Iowa Supreme Court. The Iowa Supreme Court addressed both of these claims and rejected both by proceeding to answer the first certified question. Where a state supreme court has clearly spoken on an issue of state law, we are bound by the decisions of that state supreme court. See David v. Tanksley, 218 F.3d 928, 930 (8th Cir. 2000).

Even if we were to determine that these claims were not part of the Iowa Supreme Court's decision, we would affirm the district court. As to laches, Corrado claims that Life Investors delayed filing this lawsuit until Corrado had become so ill with cancer that he could not properly defend the action. "Laches is an equitable doctrine premised on unreasonable delay in asserting a right, which causes disadvantage or prejudice to another. The party asserting the defense has the burden to establish all the essential elements thereof by clear, convincing, and satisfactory evidence. Prejudice is an essential element of laches." State ex rel. Holleman v. Stafford, 584 N.W.2d 242, 245 (Iowa 1998) (internal citations omitted). Life Investors filed the complaint in federal court in Iowa on May 2, 2008, but Corrado

himself had initiated an action against Life Investors premised on an ERISA violation on January 1, 2008, just four months earlier. Thus, Corrado cannot show unreasonable delay on the part of Life Investors in bringing this suit nor can he show that he was prejudiced, and therefore, he cannot succeed on his laches defense.

Corrado also claims that he could not have ratified the contract because of numerous inconsistencies between the language of the Settlement Agreement and the other information sent to Corrado by Life Investors. Under Restatement (Third) of Agency, which was adopted by the Iowa Supreme Court on the certified question, "[r]atification is the consequence of a choice freely made by the principal. The principal may choose to ratify the action of an agent or other actor without knowing material facts." Restatement (Third) of Agency § 4.06 cmt. d. Furthermore, "[a] factfinder may conclude that the principal has made such a choice when the principal is shown to have had knowledge of facts that would have led a reasonable person to investigate further, but the principal ratified without further investigation." Id. Corrado's claimed inconsistencies do not disprove that he had actual knowledge of all material facts necessary for ratification here. He had received a copy of the Settlement Agreement and knew that the copy bore what was thought to be his signature. He also knew that Life Investors began acting in accordance with that Settlement Agreement. Even if the alleged inconsistencies were material, Corrado chose not to investigate further and thus the determination that he ratified the Settlement Agreement was correct. Therefore, despite Corrado's laches argument and his allegations of inconsistencies and viewing the facts in the light most favorable to Corrado, the district court correctly granted summary judgment on the question of ratification of the Settlement Agreement after certifying that question to the Iowa Supreme Court and receiving its answer.

B.

Corrado claims that the Settlement Agreement was illegal because it violated provisions of ERISA that prohibit "transfer to, or use by or for the benefit of a party in interest of any assets of the plan." 29 U.S.C. § 1106(a)(1)(D). An employer is a "party in interest." 29 U.S.C. § 1002(14)(C). Corrado argues because the Settlement Agreement calls for funds from the OPT to be transferred to Life Investors to pay Corrado's debt that the Settlement Agreement is illegal under ERISA. Life Investors responds, as relevant, that this issue is precluded by a decision of the United States District Court for the District of Maryland. See Corrado v. Live Investors Owners Participation Trust & Plan, No. 08-0015, 2011 WL 886635 (D. Md., Mar. 11, 2011).

"[T]he res judicata effect of the first forum's judgment is governed by the first forum's law, not by the law of the second forum." See Hillary v. Trans World Airlines, Inc., 123 F.3d 1041, 1043 (8th Cir. 1997) (internal quotation marks omitted). Under Fourth Circuit law, issue preclusion requires Life Investors to establish five elements: "(1) the issue precluded must be identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum." Ramsay v. U.S. INS, 14 F.3d 206, 210 (4th Cir. 1994).

In the Maryland district court, Corrado alleged that Life Investors violated ERISA law by alienating the assets of the OPT accounts for Life Investors' benefit. The Maryland district court found "[Life Investors] did not hide their intent to claim a right to funds in [Corrado's] OPT accounts if necessary to secure debts to the participating companies." Corrado, 2011 WL 886635 at *6. Furthermore, the Maryland district court found that each time Corrado received a withdrawal from an

-7-

OPT account he acknowledged that his OPT balance had to remain sufficient to cover any debt he owed Life Investors. Id. at \*2. In this action, Corrado attempts to avoid application of the Settlement Agreement using the same argument—that allowing assets in the OPT account to serve as collateral for his debt to Life Investors violates ERISA law. The Maryland court determined that neither Life Investors nor the OPT plan trustees violated any ERISA fiduciary laws and, alternatively, that Corrado would be time-barred from bringing challenges to the alienation of the OPT accounts. The Maryland decision granting summary judgment is final and valid, and Corrado did not pursue an appeal of that decision. Accordingly, we find that Corrado's attempt to argue an ERISA violation as a defense in this action is barred as a matter of issue preclusion.

We reject Corrado's argument that preclusion cannot apply as a matter of judicial estoppel. Corrado argues that because Life Investors opposed his motion to stay this case in the district court pending the outcome of the Maryland action, Life Investors cannot now argue for application of preclusion of the Maryland action. Judicial estoppel generally prevents a party from making a claim at one phase of a case or in an earlier proceeding and then making an inconsistent, incompatible, or contrary claim during a later phase or proceeding "according to the exigencies of the moment." New Hampshire v. Maine, 532 U.S. 742, 749-50 (2001) (quoting United States v. McCaskey, 9 F.3d 368, 378 (5th Cir. 1993)). Although the doctrine of judicial estoppel has not developed an exhaustive list of factors, factors courts should consider include: (1) that "a party's later position must be clearly inconsistent with its earlier position," (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled," and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." Id. at 750-51 (internal quotations omitted). We do not find Life Investors' assertion of issue preclusion to be inconsistent with its

argument against staying this action. In this action, Life Investors, as the plaintiff, only sought to collect on the debt owed by Corrado and as provided for in the Settlement Agreement. Life Investors did not raise any claims pertaining to ERISA. Thus, Life Investors argued against staying this action as the claims in the two cases were distinct and not intertwined. Corrado raised the claim of ERISA violations as a defense to Life Investors complaint in this action. Only with the raising of the ERISA defense does Life Investors now point to the decision of the Maryland district court as preclusive on this question. Because Life Investors has not taken an inconsistent position, the application of judicial estoppel is not proper in this case.

III.

We affirm the district court's grant of summary judgment.

_____