# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-3359

_____

Charleen Corrado, Individually and as the Executrix of the Estate of John M.
Corrado; Federal City Region, Inc.

*Plaintiffs - Appellants*

v.

Life Investors Insurance Company of America; John Does, 1-7

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: April 16, 2015
Filed: October 22, 2015

_____

Before RILEY, Chief Judge, LOKEN and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Charleen Corrado, the executrix of her husband John Corrado's estate, along with her husband's former business Federal City Region, Inc.,[1] appeal the district court's dismissal of their complaint against Life Investors Insurance Company (Life

_____

[1]These appellants will be referred to collectively as "Corrado."

Investors) for conversion and tortious interference with a contract. In a brief order without elaboration, the district court dismissed the complaint, concluding that the claims were barred on preclusion grounds. We reverse this dismissal and remand the matter to the district court for further proceedings.

I.

The factual background of this case is discussed in our previous decision Life Investors Ins. Co. of America v. Federal City Region, Inc., 687 F.3d 1117 (8th Cir. 2012), and in a Maryland district court action, Corrado v. Live Investors Owners Participation Trust & Plan, No. 08-0015, 2011 WL 886635 (D. Md., Mar. 11, 2011).

Corrado brought suit in Maryland alleging Life Investors and plan trustees breached fiduciary duties and violated ERISA law with respect to two accounts he and Federal City Region maintained as part of the Life Investors Ownership Participation Trust and Plan (OPT plan).

> Counts I, II, and III allege[d] that Defendant Trustees breached fiduciary duties in violation of 29 U.S.C. §§ 1104, 1106(a)(1)(D), 1106(b)(2). Count IV allege[d] that Defendant Life Investors knowingly participated in the Trustees' breach of their fiduciary duties and is also liable. Count V allege[d] that the Plan and Trustees failed to provide documentation regarding the ERISA plan in violation of 29 U.S.C. § 1132(c). And count VI allege[d] that Defendants unjustifiably refused to provide Plaintiffs' benefits as requested and are liable for the amount denied.

Id. at *4.

As to Counts I-IV, the Maryland district court held that Corrado had not produced any evidence to support a claim of a breach of fiduciary duties as set forth under sections 1104, 1106(a)(1)(D), or 1106(b)(2). The Maryland district court

dismissed Count V because as of 2007 the OPT accounts were no longer covered by ERISA. As to Count VI, Corrado had in 2000 tried to withdraw the entirety of the account balance in the OPT plans, but the Plan Trustees refused the withdrawal because of Corrado's debt to Life Investors. In response to this denial, Corrado threatened, but did not pursue, legal action at that time or in the following three years. The Maryland district court granted summary judgment on Count VI, concluding the statute of limitations had run by the time the complaint was filed in 2008.

Following the grant of summary judgment, Corrado filed a Federal Rule of Civil Procedure 59(e) motion to alter or amend the judgment of the Maryland court. The Maryland district court denied the motion, holding:

> Plaintiffs previously argued that Defendants were not entitled to withhold any amount of their OPT accounts to cover Plaintiffs' debts because of ERISA's anti-alienation provisions. Plaintiffs' new argument, that they simply objected to Defendants withholding an amount in excess of the claimed debt, is disingenuous. It also does not impact the court's prior decision. Defendants repeatedly asserted their entitlement to assets in Plaintiffs' OPT accounts, before and after the Plan division, to cover Plaintiffs' debts. The summary judgment ruling did not hinge on whether Plaintiffs' account balance exceeded its claimed debts in July 2007.

Corrado v. Life Investors Owners Participation Trust & Plan, No. 08-0015, 2011 WL 1885713, *2 (D. Md., May 18, 2011).

Following the decisions in the Maryland action, Corrado alleges he paid the debt owed to Life Investors through an assignment of the Federal City Region OPT account. Although the parties continued to dispute whether Corrado has fully satisfied the debt, in 2013, Corrado learned that additional funds had been removed from the OPT accounts. Life Investors claimed that some of the funds were removed

in accordance with the assignment but that an additional amount—over $400,000—had been taken to pay its legal fees for the Maryland action.

Corrado then initiated this action, asserting causes of action for conversion and tortious interference with contract against Life Investors. He argued Life Investors removed additional funds from the OPT accounts above the amount of his debt to Life Investors. Life Investors responded with a motion to dismiss, arguing for dismissal under the doctrines of claim preclusion and issue preclusion. Life Investors claimed the Maryland district court determined Corrado has no entitlement to any of the assets in the OPT accounts. The district court granted the motion to dismiss, concluding, "In federal district court in Maryland, plaintiffs previously litigated and lost their claim to any entitlement to Trust assets. . . . The doctrines of res judicata and collateral estoppel, both claim preclusion and issues preclusion, bar all the claims in the complaint."

II.

Corrado argues in this appeal that the district court erred in dismissing the complaint as barred by either issue preclusion or claim preclusion while Life Investors maintains the Maryland federal court "ruled as a matter of law that Corrado and FCR were barred from claiming entitlement to any assets in the ERISA Plan or the non-ERISA trust." We review the district court's grant of a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) de novo. See Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007). To survive dismissal, the complaint must allege "only enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). We also review questions of preclusion law de novo. See Germain Real Estate Co., LLC v. HCH Toyota, LLC, 778 F.3d 692, 695 (8th Cir. 2015).

The Maryland case was brought by Corrado in federal court with jurisdiction based on 28 U.S.C. § 1331, or federal question jurisdiction. Thus, to determine whether the Maryland decision is entitled to preclusive effect, we look to the preclusion law of the Fourth Circuit. See Hillary v. Trans World Airlines, Inc., 123 F.3d 1041, 1043 (8th Cir. 1997) ("[T]he res judicata effect of the first forum's judgment is governed by the first forum's law, not by the law of the second forum." (internal quotation marks omitted)).

In the Fourth Circuit, claim preclusion generally has three requirements: (1) the prior judgment was final, on the merits, and made by a court retaining proper jurisdiction over the case; (2) the parties are identical, or in privity, in the two actions; and (3) the claims in the subsequent suit are based upon the same cause of action as the prior suit. See In re Varat Enter., Inc., 81 F.3d 1310, 1315 (4th Cir. 1996). Issue preclusion requires that the "issues of fact or law . . . are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [issue preclusion] is asserted had a full and fair opportunity to litigate." Ramsay v. U.S. INS, 14 F.3d 206, 210 (4th Cir. 1994) (internal quotation marks omitted). "For this doctrine to apply, the party asserting it must establish five elements: (1) the issue precluded must be identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum." Id.

Life Investors argues the Maryland court conclusively determined that Corrado was not entitled to any assets in the OPT accounts when the court granted summary judgment to Life Investors and then denied Corrado's Rule 59(e) motion. Life Investors relies upon the Maryland court's language in the Rule 59(e) order that "Plaintiffs previously argued that Defendants were not entitled to withhold any

amount of their OPT accounts to cover Plaintiffs' debts because of ERISA's anti-alienation provisions," Corrado, No. 08-0015, 2011 WL 1885713 at *2, to support its argument.  Focusing only on the part of the sentence that "Plaintiffs previously argued that Defendants were not entitled to withhold any amount of their OPT accounts," Life Investors claims that the decision bars Corrado from seeking any money from the OPT funds.  This characterization is too broad because it does not correctly describe Corrado's claims to the Maryland court or the Maryland court's ruling.

In his Maryland complaint, Corrado alleged multiple ERISA violations and asserted a claim that he was denied a certain amount of the assets as provided under the terms of the plan.  As to the ERISA claims, the Maryland district court granted summary judgment, concluding Corrado had failed to establish any breach of the fiduciary duties provided for under ERISA.  Corrado also asserted a claim for a violation of ERISA's documentation requirements, which the Maryland district court found time-barred as the claim pertained to Corrado's 2001 request for documents and not his 2007 request because the plan was not covered by ERISA in 2007.  Corrado's complaint alleged in Count VI that he was entitled to a partial distribution under the terms of the OPT plan and that defendants refused to provide that benefit when he requested it in 2000.  The Maryland district court determined this claim was also time-barred because Corrado had made the request to withdraw and when defendants refused, Corrado did not bring suit based on this request within the three-year statute of limitations.

As the Maryland district court explained in its order denying the Rule 59(e) motion, it also understood Corrado's argument to be that Life Investors was not entitled to any amount from the OPT accounts "because of ERISA's anti-alienation provision."  Id.  The court then went on to criticize as "disingenuous" Corrado's later attempt to recast the argument as that he "simply objected to Defendants withholding an amount in excess of claimed debt."  Id.  In other words, the Maryland district court

never understood Corrado's argument as conceding the debt he owed, rather the court correctly understood Corrado's argument to be that in withholding any of the assets of the OPT accounts Life Investors was violating ERISA provisions. Simply because the Maryland district court acknowledged and rejected Corrado's contention that Life Investors should not be able "to withhold any amount" of the OPT accounts does not mean the court determined Corrado was not entitled to some of the assets in those accounts. Furthermore, the Maryland court did not understand Life Investors to be claiming that it was entitled to the entirety of the assets in the account. Instead, the Maryland court stated "[Life Investors] repeatedly asserted their entitlement to assets in [Corrado's] OPT accounts, before and after the Plan division, to cover [Corrado's] debts." Id. Therefore, the Maryland district court was never confronted with the issue, presented here, of whether Life Investors converted amounts in excess of the claimed debt. That issue has not been decided on the merits.

The claims brought in this action are not "based upon the same cause of action as the prior suit." See Varat Enter., 81 F.3d at 1315. Here, Corrado alleges claims for conversion and tortious interference with contract against Life Investors because Life Investors removed over $400,000 from the accounts to cover expenses above the alleged debt Corrado owed Life Investors. Life Investors removed these funds after the decision in the Maryland district court. The Maryland court never determined that Corrado lacked any interest in the assets in the accounts. Instead, it decided Corrado was time-barred from bringing claims from the 2000 request for withdrawal of the assets and that the ERISA claims were either time-barred or failed to allege a violation of ERISA law. Thus, this action is not barred by claim preclusion.

Similarly, the claim is not barred by issue preclusion. As explained by the Maryland district court, only in the Rule 59(e) motion did Corrado argue that he objected to Life Investors holding an amount in excess of the claimed debt. The Maryland district court found this argument to be disingenuous and declined to amend the judgment because "[t]he summary judgment ruling did not hinge on

whether [Corrado's] account balanced exceeded its claimed debts." <u>Corrado</u>, No. 08-0015, 2011 WL 1885713 at *2.  Accordingly, consideration of Corrado's claim to assets above the amount of the debt was not necessary for the decision of the Maryland district court.  <u>See</u> <u>Ramsay</u>, 14 F.3d at 210.

## III.

Accordingly, we reverse the district court's grant of Life Investors's motion to dismiss on res judicata grounds and remand this matter for further proceedings not inconsistent with this opinion.  We deny the motion to consolidate.

_____