# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3566
_____

Terry J. Clark

*Plaintiff - Appellant*

v.

Debra Anne Taylor; Richard Andrews; Allan Paul Atha; George Andrew Marriott;
Robert G. Harken, Harken Law Firm; Robert Ray Titus

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City
_____

Submitted: July 24, 2024
Filed: July 29, 2024
[Unpublished]
_____

Before SMITH, SHEPHERD, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Terry Clark appeals after the district court[1] dismissed his pro se civil action, concluding that the Rooker-Feldman[2] doctrine deprived the court of jurisdiction over his claims related to events during the trial of a Kansas state court lawsuit.

Upon careful de novo review of the record and the parties' arguments on appeal, we find no basis for reversal. See Kvalvog v. Park Christian Sch., Inc., 66 F.4th 1147, 1151-52 (8th Cir. 2023) (standard of review). To the extent Clark raised independent claims that did not challenge the state court's judgment, we conclude his claims were precluded by collateral estoppel. See id. at 1152-53 (Rooker-Feldman does not bar jurisdiction if plaintiff presents some independent claim, albeit one that denies legal conclusion that state court reached; concluding collateral estoppel barred claim alleging witness violated federal rights and state law by making false statements in report and testimony in prior trial); see also Bechtold v. City of Rosemount, 104 F.3d 1062, 1065 (8th Cir. 1997) (appellate court may raise preclusion issue sua sponte). Clark's claims sought to relitigate issues that were conclusively determined in the Kansas lawsuit. See Life Invs. Ins. Co. of Am. v. Corrado, 804 F.3d 908, 913 (8th Cir. 2015) (preclusion effect is governed by first forum's law); see also Miller v. KVC Behavioral Healthcare, 506 P.3d 295, 297-98 (Kan. Ct. App. 2022) (res judicata includes issue preclusion or collateral estoppel, which prevents relitigation in different claim of issues conclusively determined in prior action); B.E. v. Pistotnik, No. 124,400, 2022 WL 4391063, at *5-6 (Kan. Ct. App. 2022) (unpublished per curiam) (collateral estoppel barred claims alleging agreement was fraudulently signed, as factual assertions had been resolved against plaintiff in prior lawsuit).

---

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

[2]See Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).

The judgment is affirmed.  <u>See</u> 8th Cir. R. 47B.

_____